**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RICHARD CHILDS,           )<br>                                              )<br>            Petitioner,       )<br>v.                                          )<br>                                              )<br>CRAIG HANKS,                )<br>                                              )<br>            Respondent.    ) | No. 2:06-cv-012-RLY-WGH |

### Entry Discussing Petition for Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Richard Childs ("Childs") has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.  Childs seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVE 05-05-0030. In that proceeding, he was charged with and found guilty of attempting to traffic. The evidence supporting this determination was an investigation showing that on January 13, 2005, on April 7, 2005, and again on April 11, 2005, Childs wrote letters to civilian Tyniece Emerson seeking that person's participation in a scheme to bring "weed" into the Wabash Valley Correctional Facility (the prison where Childs was confined) for the purpose of that contraband reaching Childs.

2.  Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Childs was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of

the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

       3.      Under *Wolff* and *Hill,* Childs received all the process to which he was entitled.

       a.      The record shows that the charge was clear, that Childs received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

       b.      The evidence was constitutionally sufficient, consisting of the conduct report and the report of investigation, which have been summarized as recited above. That evidence, viewed in the manner most favorable to the decision of the conduct board, was that on three occasions during the first few months of 2005 Childs solicited the assistance of a civilian in bringing contraband into the prison for the purpose of having that contraband delivered to Childs. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct report fulfills the "some evidence" requirement of *Hill.* It does so by reciting the circumstances under which Childs attempted trafficking contraband into the facility. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Childs has not argued otherwise, just as he has not replied to any aspect of the respondent's return to order to show cause.

       4.      Childs' specific contentions lack legal merit and/or factual basis. His first claim is that he was not notified that his outgoing correspondence was being monitored. (It was through this means that his endeavors were discovered.) However, he had no right to advance notice of such monitoring, so this claim falls short of establishing that he is entitled to the relief he seeks, even if the contention itself is factually accurate. His second contention is that he did not plead guilty to the offense of attempted trafficking, but only stated that he would plead guilty to a lesser included offense. The expanded record contradicts this claim, and Childs has not disputed this. In any event, moreover, because there was sufficient evidence to support the conduct board's decision, and because the

conduct board relied on that evidence (rather than accepting a plea of guilty and stopping at that point), Childs' statement as to what offense he would agree to plead guilty to is of no consequence.

       5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Childs to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 07/20/2006

RICHARD L. YOUNG, JUDGE  
United States District Court  
Southern District of Indiana